

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00025-CR
## and
## No. 10-13-00189-CR

**GLEN DAVIS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 22622-CR

### and

### No. 10-13-00189-CR

### IN RE GLEN DAVIS

_____

### Original Proceeding

_____

## MEMORANDUM OPINION

_____

We affirmed Glen Davis's conviction on December 20, 2012, and the Court of

Criminal Appeals refused his petition for discretionary review on March 27, 2013. *See Davis*

*v. State*, No. 10-12-00025-CR, 2012 Tex. App. LEXIS 10578 (Tex. App.—Waco, Dec. 20, 2012, pet. ref'd) (not designated for publication). In an attempt to obtain a free copy of the complete reporter's record of his underlying criminal trial and conviction, Davis filed a motion with this Court on April 1, 2013. In that motion, he asked this Court "to order the District Court Clerk…to provide the defendant with a 'complete' copy of the court trial transcripts…." We denied the motion on April 18, 2013, and Davis filed a motion for rehearing on April 25, 2013. On reconsideration, we determined that the motion was more appropriately characterized as a petition for writ of mandamus and, after explanation, dismissed the petition for want of jurisdiction on May 9, 2013. *See In re Davis*, No. 10-13-00154-CR, 2013 Tex. App. LEXIS 5737 (Tex. App.—Waco, May 9, 2013, orig. proceeding) (not designated for publication).

Davis has now filed another "Motion for Court Ordered Copy of Trial Transcripts" asking this Court "to order the District Court Clerk…to provide movant with a 'complete' copy of the court trial transcripts…." We again determine that this motion is more appropriately characterized as a petition for writ of mandamus.

As we informed Davis before, we have jurisdiction of a trial court clerk for purposes of issuing a writ of mandamus only when necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). However, by his express averments, Davis does not need the records sought to invoke this Court's jurisdiction. Accordingly, ordering the clerk to provide the records sought is not for the purpose of protecting this Court's jurisdiction.

We do not have jurisdiction to compel the district court clerk to provide the records sought. Therefore, the petition for writ of mandamus is dismissed.[1]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition dismissed
Opinion issued and filed June 13, 2013
Do not publish
OT06

---

[1] We direct the appellate court clerk to move Davis's original motion filed on June 5, 2013, to a new mandamus proceeding styled *In re Davis*.